## J. H. SUMMERS & SONS v. CAVIN.

(Court of Civil Appeals of Texas. Galveston. Feb. 21, 1913.)

SALES (§ 364*)—ACTION FOR PRICE—TRIAL.

Where the issue was whether plaintiff, when the lumber ordered was rejected, requested defendants to sell it for the best price obtainable, and defendants' evidence was that this was done, and that the request to sell was regardless of whether the lumber was up to the grade ordered, and the court charged that, if it was not up to grade, and plaintiff requested defendants to sell it, and they did so for the best price obtainable, they were only liable for the sum received, it was reversible error to refuse a special charge requested by defendants sub-

stantially the same as the charge given, except that the binding effect of the request to sell was not made dependent on the fact that the lumber was not up to grade.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1065–1076; Dec. Dig. § 364.*]

Appeal from Nacogdoches County Court; F. P. Marshall, Judge.

Action by G. W. Cavin against J. H. Summers & Sons. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Ingraham & Hodges, of Nacogdoches, for appellants.

REESE, J. G. W. Cavin sued J. H. Summers & Sons in the justice court for $146.80, claimed to be due for a car of lumber which defendants, lumber dealers, ordered from plaintiff, who was a sawmill owner, to be shipped to their customer, Owens Lumber Company, at San Antonio. When the car reached San Antonio, it was rejected by the Lumber Company on the grounds, as claimed, that it was not up to the grade ordered. Summers & Sons then took charge of the car and sold it. It was contended by them that this was done at the request of plaintiff, who requested them to sell the lumber for his account; that the car was sold for the best price obtainable; and that they had tendered to plaintiff the amount due, amounting to $8.88. It was denied by plaintiff that he had requested defendants to take charge of and sell the lumber. He alleged that the car was up to grade, and that he held defendants for the agreed price. Defendants also pleaded in reconvention claiming $46 loss of profits on the car. On trial in the justice court plaintiff had judgment for $74.30. Defendants appealed, and a trial in the county court with a jury resulted in a verdict and judgment for plaintiff for $146.80, and against defendants on their counterclaim. Defendants appeal.

Practically the only issue presented was whether appellee, when the lumber was rejected, authorized and requested appellants to take charge of it, and sell it for the best price obtainable for account of appellee. Substantially the evidence for appellants was that this was done, that the lumber was sold by them for the best price obtainable, and that the $8.80 was all that was due appellee, and that the request to sell the lumber was regardless of whether the lumber had been properly or improperly rejected by the Owens Lumber Company, or whether it was up to grade or not. If this is true, appellants would have been justified in taking no steps to determine whether their customer had a right to reject the lumber. In submitting this issue to the jury the court charged them, in substance, that if the lumber was not up to the grade ordered, and appellee authorized appellants to take charge of the car and sell it, and they did so for

the best price obtainable, they would only be liable to appellee for the amount received by them for the lumber. The court refused a special charge requested by appellants substantially the same in substance as the charge given, except that the binding effect of such request by appellee was not made dependent upon the fact that the lumber was not up to grade of that ordered. When applied to the evidence, the difference between the instruction given and that requested and refused is of vital importance. If the testimony of appellants and their witnesses is true, appellee in requesting appellents to sell the lumber for his account made no condition that this should be done if the lumber was not up to grade. The evidence was conflicting as to whether the lumber was of the grade ordered by the Owens Lumber Company, and, if the jury believed that it was, they would have been bound, under the court's charge, to find against appellants' contention on the issue as to whether they had been requested by appellee to sell the lumber for his account. The charge given does not present affirmative error, perhaps, but the refusal of the requested charge referred to in the third assignment of error presents affirmative and prejudicial error, which requires a reversal of the judgment.

None of the other assignments present reversible error. For the error indicated the judgment is reversed and the cause remanded.

Reversed and remanded.